**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
Ronald Diedrick

                        Plaintiff(s),                    CIVIL ACTION NO. 10 cv 462(RJS)
                                                         AMENDED COMPLAINT

                              v.

The City of New York, Kings County District
Attorney's Office
P.O. Sean Maguire; PO Steven Jones; PO Robert
Konner; Sergeant Eric Downes
                                                         Jury Trial Demand

"Jane Doe" And "John Doe" 1-10 Inclusive;
                        Defendant(s)
_____

        TAKE NOTICE, the Plaintiff, Ronald Diedrick, hereby appears in this action by his

attorneys, The Law Office of Uwem Umoh Esq., and demands that all papers be served upon

him, at the address below, in this matter.

        Plaintiff, Diedrick, by his attorney, Nkereuwem Umoh Esq., complaining of the

defendants, The City of New York, P.O. Maguire, Jones, Konner and Sergeant Eric Downes,

"Jane Does" and "John Does" collectively referred to as the Defendants, upon information and

belief alleges as follows:

## NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under

        color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights,

        privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

        Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and

        § 1985], [and arising under the law and statutes of the State of New York].

2.      This is an action to further seek compensation for the serious and permanent personal

        injuries sustained by the plaintiff, as a result of the negligence of the defendants,

        perpetrated while said defendants were in the process of administering their duties as

police officers.

## JURISDICTION

3.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.     All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5.     As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6.   Plaintiff Ronald Diedrick resides in Bronx County, and is a resident of the State of New York.

7.   P.O. Sean Maguire, Jones, Downes, Konner are police officers employed by the City of New York, acting under color of state law.  He is being sued in both his individual and official capacity.

8.   Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers

employed by the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

9.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendant officers.

10. Kings County District Attorney's office is a municipality in the State of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about September 11, 2008, officers approached plaintiff's car and stopped him, and dragged plaintiff and the other passengers out of the car.

11. The defendant officers then searched the vehicle and found nothing in the car.

12. However, he decided to arrest everyone in the car, and took them to the precinct.

13. At the precinct marijuana was found in a bag that belonged to a passenger in the car and not to plaintiff.

14. Plaintiff was subsequently charged with unlawful possession of marijuana and was prosecuted before the charges were dropped against him.

15. Following his arrest plaintiff was terminated from his employment at the Kings County District Attorney's office.

16. The reason given for his termination was his arrest, even though the arrest was unlawful.

17. Plaintiff was held for over 4 days in police custody.

18. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to

suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

20. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

21. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

22. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to train or supervise the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other   thereby causing and encouraging defendants in this case, to engage in unlawful conduct.

23. by failing to train the defendants in how to verify a complaint by at least obtaining a sworn statement, the city of new York should be held liable for plaintiff's injuries.

24. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## <u>AS A FIRST CAUSE OF ACTION:</u>

42 U.S.C. Section 1983-All defendants

25. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

26. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective duties. Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

27.  As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

42 U.S.C. Section 1983-City of New York

28. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

29. The City of New York deprived plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution by failing to adequately train, supervise and discipline the officers involved in plaintiff's arrest and prosecution.

30. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective duties. Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

31.  As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A THIRD CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12—Against all Defendants

32. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

33. By displaying deliberate indifference to plaintiff during his assault, defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

34. In addition, the Defendant conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

35. The Defendants acted under pretense and color of state law and in their individual and official capacities.

36. Defendants, their, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights.  Defendant City, as employer of each of the Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A FOURTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress- Against All Defendants

38. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

39. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

40. Plaintiff's emotional distress has damaged their personal and professional life because of

the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants.

41. Defendants, their , agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by Plaintiff at the hands of Maguire, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

State Law False Arrest and Malicious Prosecution—Against All defendants.

43. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

44. Upon information and belief, defendants knowingly arrested plaintiff despite knowledge that he did not commit the crimes he was charged with.

## AS A SIXTH CAUSE OF ACTION:

Negligence against All defendants

45. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

46. As a direct and proximate result of the negligent acts by Maguire, as set forth herein, plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

47. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and

that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

48. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A SEVENTH CAUSE OF ACTION:

New York State Human Rights Law—City of New York; Kings County DA's Office

49. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

50. Upon information and belief, defendants knowingly violated the Corrections Law when they terminated plaintiff on the basis of his arrest.

## AS AN EIGHTH CAUSE OF ACTION:

New York City Admin Code—City of New York; Kings County DA's Office.

51. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

52. Upon information and belief, defendants knowingly violated the Corrections Law when they terminated plaintiff on the basis of his arrest.

## AS A NINTH CAUSE OF ACTION:

Corrections Law—Against City of New York; Kings County DA's Office..

53. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

54. Upon information and belief, defendants knowingly violated the Corrections Law when they terminated plaintiff on the basis of his arrest.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants

as follows:

1.      On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;


2.      On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the  Defendants in an amount to be determined at trial;


3.      On the Third Cause of Action,  against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the  Defendants in an amount to be determined at trial;


4.      On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the  Defendants in an amount to be determined at trial;


5.      On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the  Defendants in an amount to be determined at trial;


6.      On the Sixth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the  Defendants in an amount

to be determined at trial;

7.      On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8.   On the Eighth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

9.   On the Ninth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

10.     Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:
August 13, 2010

Brooklyn, New York


                              Respectfully Submitted

                              s/_____

        By:     UMOH LAW FIRM, PLLC
                NKEREUWEM UMOH Esq. [NU-7233]
                25 Bond Street,
                2nd Floor
                Brooklyn, New York 11201
                Tel. No.        : (718) 360-0527
                Fax No.         : (800) 516-5929

CERTIFICATE OF SERVICE

I, the undersigned, an attorney duly admitted to practice in the State of New York, Certify that
On AUGUST 13, 2010 I caused a copy of the foregoing Amended Complaint to be served upon
Defendants by first class mail to their attorneys:

> Meghan Cavelliari, Esq.
> Law Department
> 100 Church Street
> New York, NY 10007

Dated: Brooklyn, New York
      August 13, 2010

                          _____s/_____
                          Nkereuwem Umoh, Esq.